Stanley R. Apps, Esq. (SBN 309425)
Law Offices of Robert S. Gitmeid, P.C.
4424 Bellingham Avenue
Studio City, CA 91604
Tel: (310) 709-3966
Fax: (866) 249-1137
Email: stanley.a@gitmeidlaw.com
         stan@appsatlaw.com

*Attorney for Plaintiff Maria Markham*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Markham,<br><br>             Plaintiff,<br><br>vs.<br><br>Prosper Marketplace, Inc., and I.C. Systems, Inc.,<br><br>             Defendant(s). | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788 et seq], AND VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692 et seq]**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff by and through her attorney of record, and hereby files this complaint and alleges as follows:

## I. INTRODUCTION

1.1     This is an action against Defendant Prosper Marketplace, Inc. ("Prosper"), for breach of contract and breach of the implied covenant of good faith and fair dealing and

1

violations of the Rosenthal Fair Debt Collection Practices Act, codified as amended at Cal. Civ. Code § 1788, et seq. (hereinafter "Rosenthal Act.") The Rosenthal Act prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

1.2     This is an action against Defendant I.C. Systems, Inc. ("I.C. Systems"), for violations of the Fair Debt Collection Practices Act, codified as amended at 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").  The FDCPA prohibits debt collectors from engaging in unfair and deceptive practices in the collection of consumer debts.

## II. JURISDICTION AND VENUE

2.1     Jurisdiction is proper in the Northern District of California, because it has original subject matter jurisdiction over Plaintiff's federal statutory claim for violations of the FDCPA, pursuant to 28 U.S.C. section 1331. Furthermore, this Court may exercise supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. section 1367(a).

2.2     This Court may exercise personal jurisdiction over Prosper because Prosper's principal place of business is within the State of California in this judicial district

2.3     This Court may exercise personal jurisdiction over I.C. Systems, pursuant to California Code of Civil Procedure section 410.10.

2.4     Venue is proper in this Court because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in California within this judicial District.

### III. PARTIES

3.1     Plaintiff Maria Markham (hereinafter "Plaintiff") is a resident of Coral Springs, Florida.

3.2     Defendant Prosper is a for-profit business entity incorporated in the state of Delaware and has its principal place of business located at 221 Main Street, Suite 300, San Francisco, CA 94105.

3.3     Defendant I.C. Systems, is a for-profit company formed under the laws of the State of Minnesota, with its principal place of business located at 444 Highway 96 East St. Paul, MN 55127-2557.

### IV. FACTS

4.1     Defendant Prosper issued a loan account, ending in account number 3553, to Plaintiff relating to consumer purchases.

4.2     The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "consumer credit transaction" and a "consumer debt" for purposes of CAL. CIV. CODE § 1788.2 subparts (e) and (f).

4.3     On or about August 17, 2017, Plaintiff entered into a settlement agreement with Defendant Prosper to settle and close her Prosper account ending in 3553.  A copy of the recorded settlement agreement confirmation is in possession of Plaintiff and may be made available on request.

4.4     Pursuant to the settlement agreement, Plaintiff agreed to make twelve (12) payments, totaling $6,927.00, starting on August 19, 2017, and finishing on July 30, 2018.

4.5     Pursuant to the settlement agreement, Plaintiff made the requisite payments, totaling $6,927.00, and Defendant Prosper accepted each payment.  A copy of the proof of payments is attached hereto as **Exhibit A**.

4.6     On or about February 10, 2021, an individual identifying herself as "Lisa Diamond" on behalf of Defendant I.C. Systems called Plaintiff's debt settlement representative National Debt Relief ("NDR") and requested a settlement on Plaintiff's account ending in 3553. Ms. Diamond stated that the current balance on the account is $8,588.38.

4.7     Lisa Diamond informed NDR that Prosper had accepted all previous payments made per the arrangement but Prosper had applied the previous payments toward the pre-settled balance of the account and not toward the settlement agreement. Lisa further asserted falsely that, because Prosper never received an agreement signed by the Plaintiff, there never was a settlement agreement.

4.8     On February 24, 2021, NDR called I.C. Systems and spoke with a person identifying himself as "Momo." Momo falsely stated that the current balance on the account was $8,588.38 as of February 24, 2021. Momo offered settlement options of fifty (50) percent of the $8,588.38 in twelve (12) payments, or forty-five (45) percent of $8,588.38 in one (1) lump sum payment. Momo further asserted that, because the Plaintiff never signed the electronic copy of the previous agreement, this account had been transferred to I.C. Systems. Momo then stated that at this stage no signature is required for agreement.

4.9     On May 13, 2021, the undersigned sent a demand letter to both Defendants Prosper and I.C. Systems in an attempt to resolve this matter amicably. Neither Prosper nor I.C. Systems responded. A copy of the demand letter is attached hereto as **Exhibit B**.

4.10    On June 29, 2021, the undersigned called I.C. Systems twice and left a voicemail. I.C. Systems did not respond. On July 14, 2021, the undersigned again called I.C. Systems and was unable to speak with a representative.

4.11    At all times pertinent hereto, the Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants.

4.12    At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I
(Breach of Contract by Defendant Prosper)

5.1     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth hereinabove.

5.2     On or about August 17, 2017, Plaintiff entered into a settlement agreement with Defendant Prosper to settle and close her Prosper account ending in 3553.

5.3     Pursuant to the settlement agreement, Plaintiff made twelve (12) payments totaling $6,927.00 and Defendant Prosper accepted each payment.

5.4     Despite accepting Plaintiff's payments pursuant to the settlement agreement, Defendant Prosper did not close Plaintiff's account as settled.  Instead, Defendant Prosper

assigned Plaintiff's Prosper account to Defendant I.C. Systems with an outstanding balance of $8,588.38.

5.5     Defendant Prosper's actions constitute breach of contract where Defendant Prosper accepted Plaintiff's twelve (12) payments made pursuant to the settlement agreement but did not close Plaintiff's Prosper account ending in 3553 as settled.

5.6     Additionally, Defendant Prosper's actions constitute breach of contract where Defendant Prosper, assigned Plaintiff's settled account to Defendant I.C. Systems with an outstanding balance of $8,588.38.

5.7     As a result of Defendant Prosper's actions, Plaintiff has suffered actual and monetary damages.

## COUNT II
(Breach of the Implied Covenant of Good Faith and Fair Dealing by Defendant Prosper)

6.1     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above hereinabove.

6.2     Defendant Prosper owed Plaintiff an implied covenant of good faith and fair dealing with respect to the settlement agreement entered between Defendant Prosper and Plaintiff.

6.3     By way of the conduct described hereinabove, including but not limited to assigning Plaintiff's settled account to I.C. Systems for collection, Defendant Prosper breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement entered between Defendant Prosper and Plaintiff on August 17, 2017.

6.4     Defendant Prosper has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform its obligations under the settlement agreement.

6.5     Specifically, Defendant Prosper owed a duty to Plaintiff to take all steps to honor the settlement agreement and to not engage in conduct that might result in the settlement agreement not being honored.

6.6     As a result of Defendant Prosper's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III
(Violations of the Rosenthal Act by all Defendants)

7.1     Plaintiff reassert and incorporate herein by reference all facts and allegations set forth hereinabove.

7.2     It is the purpose of the Rosenthal Fair Debt Collection Practices Act (hereinafter "Rosenthal Act") to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified at CAL CIV. CODE § 1788.1(b).

7.3     The term "debt collector" is defined as any person who, in the ordinary course of business, regularly, on the behalf of themselves or others, engages in debt collection. CAL CIV. CODE § 1788.2(c).

7.4     Defendant Prosper is a "debt collector" as defined by CAL CIV. CODE § 1788.2 (c). Defendant I.C. Systems is also a "debt collector" as defined by CA CIVIL § 1788.2 (c).

7.6     The term "debtor" means a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  CAL CIV. CODE § 1788.2(h).

7.7     Plaintiff is a "debtor" as defined by CAL. CIV. CODE § 1788.2(h).

7.8     The term "creditor" means a person who extends consumer credit to a debtor. CAL CIV. CODE § 1788.2(i).

7.9     Defendant Prosper is a "creditor" under CAL CIV. CODE § 1788.2(i).

7.10    Defendant Prosper's actions were unfair and deceptive where Defendant Prosper did not close Plaintiff's Prosper account as settled after accepting payments made pursuant to the settlement agreement.

7.11    Additionally, Defendant Prosper misrepresented the amount of Plaintiff's debt where Defendant Prosper assigned Plaintiff's account ending in 3553 with the stated outstanding balance of $8,588.38.  Defendant Prosper's actions were a misrepresentation of Plaintiff's debt because the actual balance of Plaintiff's Prosper account ending in 3553 was $0.00 after Plaintiff made the requisite payments pursuant to the settlement agreement. After payment, Defendant Prosper should have marked Plaintiff's account ending in 3553 as settled and closed.

7.12     Further, Defendant Prosper misled the Plaintiff by entering into a settlement agreement, collecting all twelve (12) the payments as per the terms of the agreement, and then assigning the debt to Defendant I.C. Systems for further collection.

7.13    Defendant I.C. Systems' actions violated the Rosenthal Act where Defendant I.C. Systems attempted to collect on a settled debt by calling NDR on February 10, 2021, and

requesting settlement offers, and again on February 24, 2021, when communicating additional settlement offers to the Plaintiff's debt settlement representative.

7.14   Additionally, Defendant I.C. Systems misrepresented the amount of debt owed on Plaintiff's Prosper account when Defendant I.C. Systems called NDR on February 10, 2021, and asserted that the amount of debt owed by Plaintiff totaled $8,588.38, and again on February 24, 2021, when a representative of I.C. Systems again stated the amount of the debt owed by Plaintiff to be $8,588.38.

7.15   Defendant Prosper and Defendant I.C. Systems knew or should have known that their actions violated the Rosenthal Act.  Additionally, Defendant Prosper and Defendant I.C. Systems could have taken the steps necessary to bring their actions within compliance with the Rosenthal Act but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

7.16   As a result of the above violations, Defendant Prosper and Defendant I.C. Systems are liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

**COUNT IV**
(Violations of the Fair Debt Collection Practices Act by Defendant I.C. Systems)

8.1   Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth hereinabove.

8.2   The communications described hereinabove between Defendant I.C. Systems and Plaintiff constitute "communications" relating to a "debt" as defined by 15 U.S.C § 1692a subparts (2) and (5) of the FDCPA.

8.3   The FDCPA at 15 U.S.C. § 1692f prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the

contract or law. The FDCPA at 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount or legal status of any debt. The FDCPA at 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

8.4     Defendant I.C. Systems engaged in abusive, deceptive, and unfair collection practices where Defendant I.C. Systems attempted to collect on a settled debt.

8.5     Additionally, Defendant I.C. Systems misrepresented the amount of debt owed by Plaintiff where Defendant I.C. Systems called NDR on February 10, 2021 and asserted the amount of debt owed by Plaintiff totaled $8,588.38 (when in fact the settled debt had a balance of $0.00).  I.C. Systems again misrepresented the amount of debt owed by Plaintiff on February 24, 2021, when NDR called I.C. Systems to inquire about Plaintiff's Prosper account and an I.C. Systems representative stated that the amount of debt owed by Plaintiff totaled $8,588.38.

8.6     Further, Defendant I.C. Systems misrepresented the legal status of Plaintiff's debt where Defendant I.C. Systems attempted to collect on a settled debt.

8.7     Defendant I.C. Systems knew or should have known that its actions violated the FDCPA.  Additionally, Defendant I.C. Systems could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

8.8     As a result of the above violations of the FDCPA, Defendant I.C. Systems is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

(a) That judgment be entered against Defendant Prosper for actual and monetary damages accrued by Plaintiff as a result of Defendant Prosper's breach of contract;

(b) That judgment be entered against Prosper for actual and monetary damages accrued by Plaintiff as a result of Defendant Prosper's breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Defendant Prosper and Defendant I.C. Systems for actual damages pursuant to CA CIVIL § 1788.30(a);

(d) That judgment be entered against Defendant Prosper and Defendant I.C. Systems for statutory damages pursuant to California Civil Code § 1788.30(b);

(e) That judgment be entered against Defendant I.C. Systems for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(f) That judgment be entered against Defendant I.C. Systems for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(g) That the Court award costs and reasonable attorney's fees and costs pursuant to CAL. CIV. CODE § 1788.30(c) and 15 U.S.C. § 1962k(a)(3); and

(h) That the Court grant such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Law Offices of Robert S. Gitmeid, P.C.

/s/Stanley Apps
Stanley R. Apps, Esq.
*Attorney for Plaintiff Maria Markham*